**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**RUSSELL HEBERT, JR., ET AL**                               **CIVIL ACTION**

**VERSUS**                                                   **NO. 23-1869**

**DEPARTMENT OF HOMELAND**                                   **SECTION P(1)**
**SECURITY, ET AL**

## SCHEDULING ORDER

A Scheduling Conference was held May 20, 2024.

Participating were:    E, John Litchfield and Jay Christopher Zainey, Jr., for plaintiffs
Yoseph T. Desta, for defendants

Issue is joined as to all parties. Jurisdiction and venue are established.

Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) must be exchanged no later than **JUNE 3, 2024.**

Amendments to pleadings, third-party actions, crossclaims, and counterclaims shall be filed no later than **JUNE 19, 2024,** in accordance with Local Rule 7.6.

Counsel adding new parties subsequent to the issuance of this Notice shall serve on each new party a copy of this Minute Entry. Pleadings responsive thereto, when required, shall be filed within the applicable delays therefor.

Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs, shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than **DECEMBER 20, 2024.** This deadline shall also apply to all expert disclosures, as defined by the Federal Rules of Civil Procedure 26(a)(2)(C).

Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Defendants, shall be obtained and delivered to counsel for Plaintiff as

soon as possible, but in no event later than **JANUARY 20, 2025.** This deadline shall also apply to all expert disclosures, as defined by the Federal Rules of Civil Procedure 26(a)(2)(C).

Written <u>rebuttal</u> reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs, shall be obtained and delivered to counsel for Defendant no later than **FEBRUARY 18, 2025.** Plaintiff is cautioned that rebuttal reports should be strictly limited to opinions in response to the Defendant's expert reports.

Counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial and a list of all exhibits which may or will be used at trial no later than **FEBRUARY 18, 2025.**

Depositions for trial use shall be taken and all discovery shall be completed no later than **MARCH 20, 2025.** This case does not involve extensive documentary evidence, depositions or other discovery. No special discovery limitations beyond those established in the Federal Rules, Local Rules of this Court, or the Plan are established.

The Court will hold a Status Conference on **APRIL 2, 2025** at **1:30 p.m.** for the purpose of discussing the status of the case. Lead trial counsel shall be present at this conference, and can only be excused by order of the Court, after such counsel certify that they are sending associate or substitute counsel to the conference who shall be familiar with the case and who shall have authority to speak for and bind lead or trial counsel on any issue that may arise during the conference. While client representatives are not invited to the status conference, counsel shall make arrangements to have access to their client or client representative by telephone during the time scheduled for the conference. **Prior to** this status conference, **and either before or after the close of discovery**, the parties shall confer, either in person or electronically, regarding whether the parties intend to file any dispositive motions. The purpose of this <u>mandatory conference</u> of

counsel is so that each party can certify to the Court at the status conference that it has made the other parties to the action aware of **ALL** potential motions the party may file, and the parties have conferred in good faith to determine whether any issue that might be the subject of a motion can be resolved by agreement or stipulation without the necessity of filing a motion. The desire of the Court is that the parties work to resolve factual or legal issues to the extent possible without a formal motion. The parties shall be prepared to identify and discuss the basis and substance of their anticipated motions to the Court at the conference.

While no dispositive motions should be filed prior to the meeting of counsel <u>and</u> the status conference with the Court, all dispositive motions that are filed shall be filed in sufficient time to permit a submission date of no later than 60 days prior to the Pretrial Conference.  No motion shall be filed, without specific leave of court, that was not previously disclosed to all counsel and discussed with the Court as described in the preceding paragraph. Any motion discussed at the conference, and in conformity with the preceding paragraph, can, of course, be filed without leave of Court, unless leave is required by another rule or Court order.

All non-dispositive motions, pretrial motions, including Motions *in limine* regarding the admissibility of expert testimony or other matters, shall also be filed in sufficient time to permit a submission date of no later than 60 days prior to the Pretrial Conference. This Section adheres to Local Rule 78.1 regarding oral argument on motions. **<u>The parties should ONLY submit pertinent pages of deposition transcripts. Submission of an entire transcript will not be accepted without prior leave of Court.</u>**

Motions filed in violation of this order will not be considered unless good cause is shown.

Counsel shall deliver a hard copy of any pleadings along with any exhibits and attachments that together exceed 50 pages in total length to chambers at 500 Poydras Street, Room C-555 for

the Court's use. This copy must be forwarded at the time of CM/ECF filing. **This copy must be in a three-ring binder, tabbed and reflect pagination and document numbers consistent with the electronic document stamping of CM/ECF.**

The parties must attend a settlement conference with the assigned magistrate judge. **The parties must contact the assigned magistrate judge six weeks prior to the pretrial conference date for the purpose of scheduling a settlement conference which should be held within two weeks prior to the pretrial conference.**

A Final Pretrial Conference will be held on **JUNE 18, 2025 at 9:30 a.m.** Counsel will be prepared in accordance with the final Pretrial Notice attached. The pretrial order must be electronically filed with the Court by 12:00 p.m. five (5) workdays prior to the conference. **THE PRETRIAL ORDER SUBMITTED TO THE COURT MUST BE DOUBLE SPACED AND BEAR THE ELECTRONIC SIGNATURE OF ALL COUNSEL.**

Trial will commence **MONDAY, JUNE 30, 2025 at 9:00 a.m.** before the District Judge WITHOUT a jury. Attorneys are instructed to report for trial no later than 30 minutes prior to this time. Trial is estimated to last ten (10) days.

Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with Local Rules and upon a showing of good cause. Continuances will not be granted, except for good cause.

The parties are urged to work diligently to comply with the rules and deadlines set forth in this order.

                                                **DARREL JAMES PAPILLION**
                                                **UNITED STATES DISTRICT JUDGE**
                                                **Issued for the Court:**
                                                **By:**    s/Courtney Ancar
                                                            **Case Manager**
                                                            **504-589-7715**