**THIS PRETRIAL NOTICE**
**ADOPTED NOVEMBER 2023**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**PRETRIAL NOTICE**

**IT IS ORDERED** that a pretrial conference will be held in Chambers, 500 Poydras Street, Suite 555, before Judge Darrel James Papillion, Section P, in this case on the date and time indicated on the attached scheduling order.

The purpose of the pretrial conference is to narrow the issues to secure a just, speedy, and inexpensive determination of this matter. If the form of the pretrial order set forth below does not appear calculated to achieve these ends, please request a conference with the Judge and opposing counsel immediately so alternate possibilities can be discussed.

The procedure necessary for the preparation of the proposed pretrial order shall be as follows:

I.

The proposed pretrial order shall be electronically filed with the Court by 12:00 p.m. (noon), five (5) working days prior to the conference, excluding Saturdays, Sundays, and holidays (i.e., if the conference is set for 8:30 a.m. Wednesday, it must be filed by noon the preceding Wednesday). The proposed pretrial order shall contain electronic signatures of all counsel at the time it is electronically filed with the Court. Following the pretrial conference, the Court will issue a minute entry that will, among other things, APPROVE and ADOPT the pretrial order, either in its entirety or with modifications.

II.

Counsel for all parties shall confer at their earliest convenience, **and no later than ten days before the scheduled pretrial conference**, for the purpose of reaching all stipulations that are reasonable and practical, to exchange copies of documents, and to identify the deposition testimony that will be offered in evidence at the trial. It shall be the duty of counsel for plaintiff to initiate this conference, and the duty of other counsel to respond. While the conference can be in person, by phone, or electronically, it is mandatory that the parties actually confer. If, after reasonable effort, any party cannot obtain the cooperation of other counsel, that party shall notify the Court. Counsel should make every effort to alert the Court as quickly as possible regarding problems setting a conference. Communications regarding problems of this type should be sent via email to efile-papillion@laed.uscourts.gov. All counsel of record must be copied on any such communication.

Counsel for each party shall furnish to counsel for all parties a statement of the issues for which it intends to offer evidence at trial. The parties shall work to eliminate any issues in the

pleadings over which there is no real controversy. The parties' statements shall include a listing of the legal issues or issues of law that remain in the case, as well as a listing of the unresolved and thus triable issues of fact. Counsel for plaintiff shall then prepare a proposed pretrial order and submit it to all counsel. Once all necessary changes have been made, counsel for plaintiff shall electronically file the final proposed pretrial order with the Court.

III.

At the meeting described in Paragraph II, above, counsel **shall** specifically consider the following:

    A.    **Jurisdiction.** Because jurisdiction can never be conferred by consent, and because prescription or statutes of limitations may bar a new action if the case or any ancillary demand is dismissed for lack of jurisdiction, counsel should make a diligent effort to ascertain whether the Court has jurisdiction.

    B.    **Parties.** Correctness of identity of legal entities; necessity of appointment of tutor, guardian, administrator, executor, etc., and the validity of an appointment if already made; correctness of designation of party as partnership, corporation, or individual d/b/a trade name.

    C.    **Joinder.** Questions of misjoinder or nonjoinder of parties.

    D.    **Exhibits**. The parties shall exchange copies of all exhibits, and agree as to their admissibility. As to any exhibits to which the parties cannot agree, they shall submit **joint** memoranda (with the contested exhibits attached) no later than **the date set for the filing of the pretrial order**. The proponent shall explain why the exhibit is admissible, and the opponent shall explain why the exhibit is inadmissible.

    E.    **Deposition Testimony**. The parties shall work diligently to eliminate by agreement, and after consultation with one another, all irrelevant and repetitive material and all colloquy between counsel. In addition, the parties shall, in good faith, attempt to resolve all objections to deposition testimony so that the Court will only need to rule on those objections to which the parties cannot reach an agreement. As to all objections that cannot be amicably resolved, the parties shall submit **joint** memoranda on the unresolved objections no later than **the date set for the filing of the pretrial order**. The parties shall provide specific reasons, and not mere citation to the rules of evidence, that support of their positions in this particular case.

IV.

The attorneys who will try the case are specifically required to attend the pretrial conference unless, after a request made at least two business days before the conference, the Court grants specific permission for other counsel to attend. These attorneys must familiarize themselves with the pretrial rules and must come to the conference with full authority to accomplish the

purposes of Rule 16 of the Federal Rules of Civil Procedure.

V.

At the pretrial conference counsel must be fully authorized and prepared to discuss settlement possibilities with the Court, having conferred with their clients regarding this issue before coming to the conference, and, to the extent practical, trial counsel should have access to their clients or client representatives to discuss settlement issues or any other issues that may require client approval during the pretrial conference.

VI.

Pretrial conferences will not be continued except for good cause as set forth in a written motion presented sufficiently in advance of the conference for opposing counsel to be notified. Moreover, if there is any material change in the case between the date of the filing of the pretrial order and the date of the conference, counsel shall notify the court in writing via email to [efile-papillion@laed.uscourts.gov](mailto:efile-papillion@laed.uscourts.gov) of the material change.  A material change, at a minimum, includes the resolution of any pending motion and any settlement agreement that would affect any motions pending before the court, whether dispositive or *in limine*, or would affect the manner in which the trial would proceed. **Counsel should not come to the pretrial conference and announce at the conference that one or more parties have settled or will be dismissed, that any claims or defenses have been eliminated, or that any pending motions have been mooted, unless these developments occurred within the 24 hours preceding the conference.**  Because the Court will be preparing in advance of the pretrial conference, based upon the contents of the pretrial order, any change in the case that would change the pretrial order should be promptly brought to the attention of the court in writing.

VII.

Failure on the part of counsel to appear at the conference may result in **sanctions**, including, but not limited to, *sua sponte* dismissal of the suit, assessment of costs and attorney fees, default, or other appropriate sanctions. The Court's location in downtown New Orleans, in a secure federal facility, can cause unexpected delays.  Please allow sufficient time for traffic, parking, or court security-related delays.

VIII.

All pending motions and all special issues or defenses raised in the pleadings must be clearly brought to the court's attention in the proposed pretrial order.

IX.

The proposed pretrial order shall set forth the following information:

1. The date of the pretrial conference.

2. The appearance of counsel with a clear identification of the party (or parties) represented.

3. A description of the parties. In cases involving insurance carriers, the insured(s) must be identified. The legal relationships of all parties with reference to the claims, counterclaims, third-party claims, cross claims, etc.

4. a. With respect to jurisdiction, a brief summary of the factual basis supporting each claim asserted, whether original claim, counterclaim, third-party claim, etc., and the legal and jurisdictional basis for each such claim, or if contested, the jurisdictional questions;

   b. In diversity suits seeking damages, there is authority for dismissing the action, either before or after trial, when it appears the damages reasonably could not come within the jurisdictional minimum. Therefore, the proposed pretrial order in such cases shall contain either a stipulation that $75,000 is involved or a summary of the evidence supporting the potential for such an award.

5. A list and description of any motions pending or any timely motions that are being contemplated as well as any special issues appropriate for discussion or resolution in advance of trial on the merits. If the Court at any prior hearing has indicated it would decide certain matters at the time of the pretrial conference, a brief summary of those matters and the position of each party with respect thereto should be included in the proposed pretrial order.

6. A brief summary of the material facts claimed by:
   a. Plaintiff;
   b. Defendant;
   c. Other parties.

7. A single listing of all uncontested material facts.

8. A single listing of the contested issues of fact. **This does not mean that counsel must concur in a statement of the issues; it simply means that they must list in a single list all issues of fact.** Where applicable, particularities concerning the following fact issues shall be set forth:

   a. Whenever there is in issue the seaworthiness of a vessel or an alleged unsafe condition of property, the material facts and circumstances relied upon to establish the claimed unseaworthy or unsafe condition shall be specified with particularity;

   b. Whenever there is in issue negligence of the defendant or contributory or comparative negligence of the plaintiff, the material facts and circumstances

       relied upon to establish the claimed negligence shall be specified with particularity;

   c.    Whenever personal injuries are at issue, the nature and extent of the injuries and of any alleged disability shall be specified with particularity;

   d.    Whenever the alleged breach of a contractual obligation is in issue, the act or omissions relied upon as constituting the claimed breach shall be specified with particularity;

   e.    Whenever the meaning of a contract or other writing is in issue, all facts and circumstances surrounding execution and subsequent to execution, both those admitted and those in issue, which each party contends serve to aid interpretation, shall be specified with particularity;

   f.    Whenever duress or fraud or mistake is in issue, and set forth in the pleadings, the facts and circumstances relied upon as constituting the claimed duress, fraud, or mistake shall also be set forth in the pretrial order (See Fed. R. Civ. P. 9(b));

   g.    If special damages are sought, they shall be itemized with particularity (See Fed. R. Civ. P. 9(g));

   h.    If a conspiracy is alleged or charged, the details of facts constituting the conspiracy shall be particularized.

9. A single listing of the contested issues of law. (See explanation in 8 above.)

10. A list and description of the exhibits each party intends to introduce at the trial.

   a.    Each list of exhibits should first describe those that are to be admitted without objection, and then those to which there will be objection, noting by whom the objection is made (if there are multiple adverse parties), and the nature of the objection. Markers identifying each exhibit should be attached to the exhibits at the time they are shown to opposing counsel during preparation of the pretrial order.

   b.    Any party that believes it has good cause not to disclose exhibits to be used solely for the purpose of impeachment, may *ex parte* request a conference with the Court and make its position known to the Court *in camera*.

   c.    Where appropriate to preserve trade secrets or privileges, the listing of exhibits may be made subject to a protective order or in such other fashion as the Court may direct. If there are such exhibits, the proposed pretrial order will state: "The parties will discuss exhibits alleged to be privileged (or to contain trade secrets, etc.) at the pretrial conference."

       d.    **Caution**: unless specifically ordered otherwise by the Court, only exhibits included on the exhibit list will be admitted at trial.

       e.    Each party shall submit to the Court on the day of trial a list of exhibits properly marked for identification that it intends to use at trial.

11. A list of all deposition testimony that each party intends to offer into evidence at trial.

12. A list and brief description of any charts, graphs, models, schematic diagrams, and similar objects which, although not to be offered in evidence, respective counsel intend to use in opening statements or closing arguments. The parties shall also state any objections to the use of the demonstrative exhibits or include a stipulation that there is no objection to the use of the demonstrative exhibits.

13.   a.    A list of witnesses for all parties, including the names, addresses, **and statement of the general subject matter of their testimony** (it is not sufficient to designate the witness simply "fact," "medical," or "expert"), and an indication in good faith of those who will be called in the absence of reasonable notice to opposing counsel to the contrary;

       b.    A statement that the witness lists were filed in accordance with the Federal Rules of Civil Procedure and prior court orders. **No other witnesses shall be allowed unless their addition is agreeable to all parties and does not affect the trial date.** This restriction will not apply to rebuttal witnesses or documents whose necessity cannot be reasonably anticipated. Furthermore, in the case of expert witnesses, counsel shall certify that they have exchanged expert reports in accordance with the Federal Rules of Civil Procedure and prior court orders. **Expert witnesses whose reports have not been furnished to opposing counsel shall not be permitted to testify nor shall experts be permitted to testify to opinions not included in the reports timely furnished**;

       c.    Except for good cause shown, the Court will not permit any witness to testify unless with respect to such witness there has been complete compliance with all provisions of the pretrial order and prior court orders;

       d.    Counsel shall not be allowed to ask questions on cross- examination of an economic expert that would require the witness to make mathematical calculations in order to frame a response unless the factual elements of such questions shall have been submitted to that expert witness at least three full working days before trial.

14. A statement indicating whether the case is a jury or non-jury case.

      a.    If the case is a jury case, then indicate whether the jury trial is applicable to all aspects of the case or only to certain issues, which issues shall be specified. In jury cases, add the following provision:
"Proposed jury instructions[1], special jury interrogatories, and voir dire shall be electronically filed with the Court not less than **five** (5) working days prior to the trial date."

      b.    In a non-jury case, suggested findings of fact and conclusions of law and a separate trial memorandum are required, unless the Court enters an order that such is not required. These findings of fact and conclusions of law and separate trial memorandum shall be electronically filed not less than **ten** (10) full working days prior to trial.

      c.    In a jury case, a trial memorandum shall be required only when and to the extent ordered by the Court. If, however, counsel anticipates unique evidentiary problems, a memo addressing the same should be filed electronically not less than **five** (5) working days prior to trial. Likewise, briefing on any unusual jury instructions requiring explanation beyond mere citation to authority shall be filed at this time.

15. In cases where damages are sought, include a statement that: "The issue of liability (will or will not) be tried separately from that of quantum."

16. A statement describing any other matters that might expedite a disposition of the case.

17. A statement that trial shall commence on [month/day], [year] at [time] a.m./p.m. and a realistic estimate of the number of trial days required. Where counsel cannot agree upon the number of trial days required, the estimate of each side should be given.

18. The statement that "Counsel for all parties certify this pretrial order has been formulated <u>after conference</u> at which counsel for the respective parties have appeared in person or electronically. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will

---

[1] **The Court requires the parties to use accepted pattern jury instructions, and the parties shall not create their own specific jury instructions.** In cases in which Louisiana law provides the rule of law, use of Louisiana Civil Jury Instructions (Vol. 18, Louisiana Civil Law Treatise Series) is required, if applicable. As to all other cases, and issues of substantive law where Louisiana law does not control, the following pattern jury instructions shall be used in the following order (e.g., an instruction from (b) shall be used only if no such instruction exists in (a)):

    (a)    the United States Court of Appeals for the Fifth Circuit pattern jury instructions; or

    (b)    any pattern jury instructions published by a federal court (the parties should ensure that substantive instructions on federal questions conform to Fifth Circuit case law).

Requests to supplement the jury instructions during the trial or at the conclusion of the evidence shall not be granted, absent good cause shown.

control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice."

19. The truthful statement that "Possibility of settlement of this case was considered."

20. The proposed pretrial order must contain appropriate signature spaces for counsel for all parties.

21. Each numbered paragraph of the proposed pretrial order shall be preceded by a heading descriptive of its content.

**IT IS FURTHER ORDERED** that the foregoing pretrial notice be issued to counsel of record for all parties to this case, and that counsel will comply with the directions set forth herein.

New Orleans, Louisiana.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

*If needed during trial, counsel are invited to use the Michaelle Pitard Wynne Attorney Conference Center located in Room B-245 on the second floor of the Hale Boggs Federal Building near the crossover to the Courthouse. The space features three private conference rooms, a lounge, and a computer workroom with internet, copy, fax and print services. Details and information on these services including conference room reservations can be found at http://nofaba.org or by contacting the Executive Director at 504-589-7799 or fbaneworleans@gmail.com.*